UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Berthinia S. Williams,<br><br>             Plaintiff,<br><br>vs.<br><br>Westgate Las Vegas Resort & Casino, et al.,<br><br>             Defendant. | 2:25-cv-00249-MMD-MDC<br><br>ORDER |

Pending before the Court is defendant's *Motion to Stay Discovery* (ECF No. 27) and *Motion for Extension of Time* (ECF No. 28). For the reasons stated below, the Court GRANTS the motions.

## DISCUSSION

### I. BACKGROUND

Plaintiff brings discrimination and defamation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*; Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112, *et seq.*; and NRS 200.510. Plaintiff alleges she was wrongfully terminated in violation of Title VII and the ADA because of her "mental illness outburst." *See ECF No. 20.*

Defendants filed a *Motion to Dismiss* (ECF No. 21) on April 9, 2025. Thereafter, on May 19, 2025, defendants filed a *Motion to Stay Discovery* (ECF No. 27), seeking to stay discovery pending adjudication of the *Motion to Dismiss.* Plaintiff initially did not oppose the *Motion to Stay Discovery* and the time to do so passed. On June 9, 2025, plaintiff filed a *Motion for Extension of Time* (ECF No. 28), seeking an extension to file her *Response to the Motion to Stay Discovery ("Response")* (ECF No. 28). The Court addresses the pending motions below.

### II. MOTION FOR EXTENSION OF TIME

Plaintiff failed to timely oppose the *Motion to Stay Discovery* (ECF No. 27). However, plaintiff's *Motion for Extension of Time* (ECF No. 28) addresses plaintiff's failure. Plaintiff states that she failed to receive notice of the *Motion to Stay Discovery* because the notice was sent to a prior email. *ECF No. 28.*

1  Having reviewed the docket, the Court notes that plaintiff filed a *Notice of Change of Address* (ECF No.
2  23) on April 23, 2025, updating her email. Despite this update, it appears that the CM/ECF notice
3  regarding the *Motion to Stay Discovery* was sent to plaintiff's old email address. All other CM/ECF
4  receipts after the *Motion to Stay Discovery* was filed were sent to plaintiff's current email on file.
5  Having found good cause, the Court grants the *Motion for Extension of Time* (ECF No. 28) and deems
6  plaintiff's *Response* (ECF No. 29) timely filed, *nunc pro tunc.*

**III. MOTION TO STAY DISCOVERY**

Defendants move to stay discovery pending determination of their *Motion to Dismiss. See ECF No. 27.* Under the pragmatic approach, the Court finds that [1] the motion to dismiss can be determined without discovery and [2] good cause exists to stay discovery.

**A. Legal Standard**

**a. The Court Has Inherent Discretion To Control Discovery**

Federal courts have the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). "The district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). When considering a motion to stay discovery while a dispositive motion is pending, "this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay*, 278 F.R.D. at 602 (quoting Fed. R. Civ. P. 1). Thus, the Court may consider staying discovery pursuant to its inherent powers and discretion, together with the goals pronounced by Rule 1.

**b. The Pragmatic Approach**

The undersigned Magistrate Judge previously adopted the pragmatic approach when considering motions to stay discovery because a dispositive motion is pending. *Aristocrat Techs., Inc. v. Light &*

*Wonder, Inc.*, 2024 U.S. Dist. LEXIS 90611, at *4 (D. Nev. May 21, 2024). The pragmatic approach considers only the following two elements: (1) if the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *Id*.

### B. Discovery Is Not Needed For The Motion To Dismiss

Defendants argue that discovery is not needed to determine their *Motion to Dismiss* (ECF No. 21), and plaintiff does not oppose the statement. Plaintiff response does not address whether discovery is needed to determine the *Motion to Dismiss. See ECF No.* 28. The Court agrees with defendants that motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is a question of law and can be determined without discovery. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("Indeed, factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6).").

### C. Good Cause Exists To Stay Discovery

Good cause exists to stay discovery. The good cause element under the pragmatic approach is sufficiently broad to allow a court to operate within its discretion and the objectives of Rule 1. For example, good cause may be found where a movant seeks to stay discovery to prevent undue burden or expense. *Schrader*, 2021 U.S. Dist. LEXIS 198974, *12; Fed. R. Civ. P. 26(c)(1). Good cause may also exist where a staying discovery secures "the just, speedy, and inexpensive determination" of the action. Fed. R. Civ. P. 1.; *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011) ("[T]his court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1."). Rule 1 provide that the federal rules should "be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Thus, resolution of the *Motion to Dismiss* would provide for either a clear and concise statement of the claims against defendants or complete dismissal of plaintiff's claims and save both parties from the expenses of unnecessary discovery at this time.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion to Extend Time* (ECF No. 28) is **GRANTED.** Plaintiff's Response (ECF No. 29) to the *Motion to Stay Discovery* is deemed timely filed, *nunc pro tunc*.

2. The *Motion to Stay Discovery* (ECF No. 27) is **GRANTED**.

3. If the *Motion to Dismiss* (ECF No. 21) is denied in whole or in part, the parties shall file a *Stipulated Discovery Plan and Scheduling Order* within 14-days of such.

DATED this 23rd day of June 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney,

or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.