UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BERTHINIA S. WILLIAMS,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>WESTGATE LAS VEGAS RESORT & CASINO, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 2:25-cv-00249-MMD-MDC<br><br>ORDER |

**I.　SUMMARY**

Pro se Plaintiff Berthinia S. Williams brings this action against Defendants Westgate Las Vegas Resort and Casino ("Westgate"), Keena Fisher, and Veronica Sevilla (collectively, "Defendants")[1] alleging various claims arising from her employment at Westgate. (ECF No. 20 ("Amended Complaint").) Defendants filed a motion to dismiss the Amended Complaint. (ECF No. 21 ("Motion").)[2] For the reasons addressed below, the Court grants the motion.

**II.　BACKGROUND**

Plaintiff was employed at Westgate, and was terminated on May 28, 2023 for alleged misconduct related to a mental illness episode. (ECF No. 20 at 2.) Prolonged or severe anxiety can lead to temporary increases in blood pressure and Plaintiff has high

---

[1] Defendants note that though the Amended Complaint names Myriam Mendoza as an additional Defendant, Plaintiff has not effectuated service. Mendoza has therefore not made an appearance. However, the Court's reasoning as to the legal deficiencies of Plaintiff's employment discrimination claims under federal laws relating to the individual defendants equally applies to Mendoza.

[2] Plaintiff responded (ECF No. 24 ("Response")) and Defendants replied (ECF No. 25).

blood pressure. (*Id.*)³ On May 28, 2023, Plaintiff went to work under a tremendous amount of stress. (*Id.* at 7.) She "basically blacked out saying things" and as a result, she was terminated. (*Id.*) Such an occurrence had not happened before. (*Id.*) Defendant Mendoza could have contacted a medic, and Plaintiff was placed in danger of self-harm. (*Id.*) Later, Defendant Sevilla made untruthful statements to the Nevada Equal Rights Commission ("NERC") and the Employment Security Division ("ESD")⁴ to prevent Plaintiff from receiving benefits that she was entitled to as a citizen. (*Id.* at 2.)

Plaintiff brings two claims under Title VII of the Civil Rights Act and the Americans with Disabilities Act, as well as a state law claim for defamation. (*Id.* at 3.)

## III.   DISCUSSION

Defendants argue that Plaintiff's Amended Complaint must be dismissed under Federal Rules of Civil Procedure 8 and 10 because it is a classic shotgun pleading that brings three claims but fails to state the claims separately, fails to identify which claims are alleged against which Defendant, and presents claims in lengthy narratives that do not comply with Rule 10. (ECF No. 21 at 4.) Defendants argue that Plaintiff's Amended Complaint should be dismissed without prejudice and with leave to amend and properly plead her claims in compliance with the Federal Rules of Civil Procedure. (*Id.*)

Under Federal Rule of Civil Procedure 8(a), "a pleading must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Pro se pleadings should be liberally construed and are held to less stringent standards than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 95 (2007). However, pro se litigants are still bound by the rules of procedure. *Ghazali v. Moran*, 46 F.3d 52, 54

---

³It is unclear whether Plaintiff alleges that she has anxiety. Plaintiff also claims in her Response that she had a "bipolar episode," but this is not alleged in the Amended Complaint. (ECF No. 24 at 1.)

⁴Plaintiff's Amended Complaint refers to a "Unemployment Division" (ECF No. 20 at 6) and the Court agrees with Defendants that she likely refers to the Nevada Employment Security Division.

(9th Cir. 1995). There are multiple ways to violate Rule 8, such as where "a pleading says *too little*," and the pleading lacks a baseline threshold of required factual and legal allegations. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). "Without some factual allegations in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also grounds' on which the claim rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007).

The Court agrees with Defendants. As Defendants indicate, Plaintiff's Amended Complaint incorporates claims for race and disability-based discrimination, as well as defamation, in narrative form without clearly differentiating claims and which facts support which claims. Plaintiff also mentions events that occurred in July 2022 and March 2023, but it is unclear whether these events relate to any of Plaintiff's claims. (ECF No. 20 at 7.) With such unclear and sparsely pled factual allegations, Defendants have neither fair notice of the claims, nor can they clearly discern the grounds upon which Plaintiff's claims rest. The Court thus dismisses Plaintiff's Amended Complaint, subject to the limitations of this order discussed below.

As to Plaintiff's Title VII and ADA claims, Defendants argue that to the extent they are raised against individuals in their individual capacities, the claims must be dismissed with prejudice because such claims are limited to claims against Plaintiff's employer. (*Id.*) The Court agrees. As Defendants correctly argue, Plaintiff cannot bring her Title VII or ADA claims against the individual defendants. *See Morrow v. City of Oakland*, 690 Fed.Appx 517, 518 (9th Cir. 2007) ("Title VII does not provide a cause of action against supervisors or co-workers"); *Walsh v. Nevada Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) ("individual defendants cannot be held personally liable for violations of the ADA"). Accordingly, to the extent that Plaintiff raises Title VII or ADA claims against the individual defendants (Fisher, Sevilla and Mendoza), these claims are dismissed with prejudice because amendment would be futile.

Lastly, Defendants argue that to the extent that Plaintiff's defamation claim relates to statements Defendant Sevilla made to the NERC and ESD, Plaintiff cannot state a

3

claim for defamation because under Nevada law there is absolute immunity for all statements made during judicial and quasi-judicial proceedings. (ECF No. 21 at 6-7.) The Court agrees. *See Pope v. Motel 6*, 114 P.3d 77, 282 (Nev. 2005) (noting an absolute privilege to judicial and quasi-judicial proceedings, even where statements were false or malicious); *Dubric v. A Cab LLC*, No. 215CV02136RCJCWH, 2016 WL 1449605, at *2-3 (D. Nev. Apr. 12, 2016) (finding privileged statements made in quasi-judicial proceedings to the NERC and ESD). Accordingly, to the extent that Plaintiff seeks relief for defamatory statements Defendant Sevilla made in proceedings to the NERC and ESD, this claim is dismissed with prejudice as amendment would be futile. If Plaintiff has a defamation claim arising from other factual allegations, Plaintiff has leave to amend to state a colorable claim.

In sum, the Court grants Defendants' Motion and dismisses Plaintiff's Amended Complaint. Plaintiff's Title VII and ADA claims, to the extent they are raised against Defendants Fisher, Sevilla and Mendoza, and Plaintiff's defamation claim, as related to statements made in quasi-judicial proceedings, are dismissed with prejudice as amendment would be futile. Plaintiff has leave to amend her remaining claims.

If Plaintiff chooses to file a second amended complaint, she is advised that the second amended complaint replaces the Amended Complaint, so the second amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). This means that the second amended complaint must contain all facts and claims and identify all defendants that she intends to sue.

Plaintiff is further informed that under Federal Rule of Civil Procedure 8(a), a pleading need only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For each claim, Plaintiff should allege facts

sufficient to show what each defendant did to violate her rights. Moreover, as Defendants correctly noted in its Motion, Plaintiff must plead basic elements to bring an actionable claim under Title VII and the ADA. (ECF No. 21 at 5-6.) Plaintiff is informed that she should plead facts to support each claim she brings against each Defendant. Lastly, under Federal Rule of Civil Procedure 10(b), a party must state its claims or defenses in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff should separate her claims and related factual allegations into separate, numbered paragraphs.

## IV.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Defendants' motion to dismiss (ECF No. 21) is granted. Plaintiff's Amended Complaint (ECF No. 20) is dismissed. To the extent that Plaintiff raises Title VII and ADA claims against Defendants Fisher, Sevilla and Mendoza, these claims are dismissed with prejudice as amendment would be futile. To the extent that Plaintiff's defamation claim alleges that statements made in quasi-judicial proceedings are defamatory, this claim is dismissed with prejudice as amendment would be futile. Plaintiff has leave to amend, pursuant to the limitations set forth in this order.

It is further ordered that Plaintiff has 30 days from the date of entry of this order to file a second amended complaint.

It is further ordered that, if Plaintiff does not file a second amended complaint within 30 days of this order, this action will be subject to dismissal with prejudice for failure to state a claim.

DATED THIS 26th Day of November 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE