UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BERTHINIA S. WILLIAMS,<br><br>                              Plaintiff,<br><br>        v.<br><br>WESTGATE LAS VEGAS RESORT AND CASINO, *et al.*,<br><br>                              Defendants. | Case No. 2:25-cv-00249-MMD-MDC<br><br>ORDER |

## I.      SUMMARY

Pro se Plaintiff Berthinia S. Williams brings this action against Defendants Westgate Las Vegas Resort and Casino, Keena Fisher, and Veronica Sevilla (collectively, "Defendants") alleging various claims arising from her employment at Westgate. (ECF No. 20.) For the reasons discussed herein, the Court dismisses this action without prejudice.

## II.      BACKGROUND

On November 26, 2025, the Court granted Defendants' motion to dismiss, dismissing Plaintiff's Amended Complaint without prejudice and with leave to amend. (ECF No. 34.) The Court gave Plaintiff 30 days, or until December 26, 2025, to file a second amended complaint and cautioned that failure to timely file an amended complaint would result in dismissal. (*Id.*) Plaintiff did not comply, and on February 26, 2026, she filed a motion for an extension of time citing her "mental disability" and various reasons including mold in her home. (ECF No. 35.) On March 18, 2026, the Court extended the deadline to April 2, 2026 for Plaintiff to file an amended complaint, and again cautioned Plaintiff that failure to comply "will result in dismissal of this action without prejudice." (ECF No. 38.) That deadline expired and Plaintiff did not file an amended complaint, file an extension, or otherwise respond.

Defendants filed a motion to dismiss on April 6, 2026 based on this Court's March 18, 2026 order. (ECF No. 39.) On April 20, 2026, Plaintiff filed a motion seeking a 45-day extension and stating that she has not begun to draft a second amended complaint due to personal reasons including "[b]eing away from [her] home for the past four months due to mold infestation." (ECF No. 41 at 2.) Defendants opposed Plaintiff's motion. (ECF No. 43.)

**III.    DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Plaintiff files a second amended complaint, the only alternative is to enter a third order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: Plaintiff recites similar reasons for her repeated failure to comply with the Court's order to file a second amended complaint. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

Having thoroughly considered the dismissal factors, the Court finds that they weigh in favor of dismissal.

## IV.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issue before the Court.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file an amended complaint in compliance with this Court's March 18, 2026 order (ECF No. 38).

It is further ordered that Defendant's motion to dismiss (ECF No. 39) is denied as moot.

It is further ordered that Plaintiff's motion for second amend (ECF No. 41) is denied as moot.

The Clerk of Court is directed to enter judgment in accordance with this order and close this case. If Plaintiff wishes to pursue her claims, she must file a complaint in a new case.

DATED THIS 8th Day of May 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4